# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Stanton E. Ross,**

    **Plaintiff/Counterclaim Defendant,**

**v.**                                                                                                                                      Case No. 13-CV-2101

**Adam Rothstein,**

    **Defendant/Counterclaimant.**

## **MEMORANDUM & ORDER**

Plaintiff Stanton E. Ross is the Chief Executive Officer of and a substantial shareholder in Infinity Energy Resources, Inc. ("Infinity"). Mr. Ross filed a petition in state court against defendant Adam Rothstein asserting claims of fraudulent misrepresentation, violations of the Kansas Consumer Protection Act and defamation arising out of a $210,000 short-term loan made by Mr. Rothstein to Mr. Ross. According to the petition, the parties' promissory note was secured by shares of common stock of Infinity and further obligated Mr. Ross to pay interest on the loan by the transfer of an additional 15,000 shares of common stock of Infinity. A subsequent forbearance agreement executed by the parties obligated Mr. Ross to transfer 50,000 shares of common stock of Infinity (out of the shares initially pledged) in consideration for Mr. Rothstein's forbearance. At that time, according to the petition, the parties also executed a superseding pledge agreement whereby Mr. Ross agreed, as partial security for his timely performance under the note, to grant Mr. Rothstein a security interest in 77,310 shares of common stock of Infinity.

Mr. Rothstein removed the petition to federal court on the basis of diversity jurisdiction and, thereafter, asserted numerous counterclaims against Mr. Ross including claims for breach of contract predicated on the parties' secured promissory note as well as the subsequent forbearance and pledge agreements. Shortly after the filing of his counterclaims, Mr. Rothstein filed a motion for preliminary injunction seeking the delivery and transfer to Mr. Rothstein of an aggregate total of 142,310 shares of Infinity common stock constituting security, interest and consideration with respect to the loan. At the conclusion of the hearing on the motion, the parties reached an agreement as to the resolution of the motion which was memorialized by the court in an order dated April 15, 2013.

With respect to the 77,310 so-called "Pledged Shares" of Infinity stock, the order requires Mr. Ross to:

> issue such instructions, make such requests and take such actions within his power, competence and authority as record holder of such shares as CEO, president and chairman of Infinity and, as may be necessary or appropriate to cause Computershare, Infinity's stock transfer agent to issue one or more certificates evidencing said 77,310 Pledged Shares to be [issued] in Mr. Rothstein's name, free and clear of any improper, unnecessary, and/or expired legends or restrictions, and filed under seal with the court . . . to be held by the court until further order or final judgment of the court directing their disposition.

Mr. Ross now moves the court under Federal Rule of Civil Procedure 67 for an order permitting the deposit into court of Infinity Energy Resource, Inc. Certificate No. 3278 representing 77,310 shares of Infinity's common stock. Notwithstanding Mr. Ross's stated (but unverified) efforts to ensure that the shares be issued without any legends or restrictions, Certificate No. 3278 contains a legend as to the stock's restricted status:

> TRANSFER OF THIS CERTIFICATE IS RESTRICTED
> SEE LEGEND ON REVERSE SIDE.

A copy of the reverse side of the certificate is not in the record before the court. The parties appear to agree, however, that the restrictive legend forbids resale under Securities and Exchange Commission (SEC) Rule 144, 17 C.F.R. § 230.144. While Mr. Ross will not take a position as to whether the Rule 144 restrictive legend is appropriate, he states that he will not object to or otherwise oppose the court's order requiring the removal of the restrictive legend and suggests that such an order would be the most efficient way to move the process forward. In his motion, then, Mr. Ross requests both that he be permitted to deposit the restricted stock certificate with the court and that the court should exercise its power to remove the legend by further order. Mr. Rothstein, in turn, opposes the motion in light of the stock's restricted status; urges that the restrictive legend is clearly not required by Rule 144; and asks the court to order the removal of the legend.

Under Section 5 of the Securities Act of 1933 ("Securities Act"), all sales of securities must be made pursuant to a registration statement or qualify for an exemption from the registration requirement. *S.E.C. v. Gordon*, 2013 WL 1632696, at *2 (10th Cir. Apr. 17, 2013) (citing 15 U.S.C. § 77e(a)). Rule 144 provides an exemption from the registration requirement. Among other things not pertinent here, the rule imposes a holding period of six months for resales of restricted securities of publicly held companies. 2 Thomas Lee Hazen, *The Law of Securities Regulation* § 4.29 at 28, 33 (6th ed. 2009).[1] Restricted securities are defined in Rule 144 as including those securities acquired directly or indirectly from an issuer (or from an affiliate of the issuer) in a non-public offering. *Kearl v. Rausser*, 293 Fed. Appx. 592, 595 (10th

---

[1] A one-year holding period applies to resale of restricted securities of companies that are not required to file periodic reports under the 1934 Act. Hazen, *supra*, § 4.29 at 33.

Cir. Sept. 17, 2008) (citing 17 C.F.R. § 230.144). Once the six-month holding period has expired, there are no restrictions whatsoever on non-affiliate resales. Hazen, *supra* § 4.29 at 38-39; § 4.29 at 4 (Supp. 2013) (citing 17 C.F.R. § 230.144(e)).

It is undisputed that the securities at issue here are "restricted" securities for purposes of Rule 144 and, according to the allegations in Mr. Ross's petition, Infinity is a publicly held company. Clearly, then, a six-month holding period applies to the Pledged Shares. For purposes of determining the length of time that pledged securities have been held, the Rule explains:

> Securities which are bona-fide pledged by an affiliate of the issuer when sold by the pledgee, or by a purchaser, after a default in the obligation secured by the pledge, shall be deemed to have been acquired when they were acquired by the pledgor, except that if the securities were pledged without recourse they shall be deemed to have been acquired by the pledgee at the time of the pledge or by the purchaser at the time of purchase.

17 C.F.R. § 230.144(d)(3)(iv). In this case, the Pledged Shares were the subject of a bona-fide pledge by Mr. Ross, clearly an affiliate of Infinity and there has been a default in the obligation secured by the pledge. Pursuant to this provision, then, the Pledged Shares were acquired by Mr. Rothstein for purposes of Rule 144 at the time that Mr. Ross acquired the shares as the loan was "with recourse." Because Mr. Ross pledged the shares in March 2012, he presumably owned the shares by that time. This is corroborated by a June 4, 2013 letter from Infinity's counsel to Infinity's transfer agent in which Infinity's counsel states that Mr. Ross owned the

4

shares in excess of one year. Mr. Rothstein, then, acquired the Pledged Shares at least by March 2012.[2]

The court concludes, then, that Mr. Rothstein has held the Pledged Shares beyond the six-month holding period required by Rule 144. Moreover, because Mr. Rothstein is a non-affiliate of Infinity (and has never been an affiliate of Infinity), he is permitted to resell the Pledged Shares without any further restrictions. Hazen, *supra* § 4.29 at 38-39; § 4.29 at 4 (Supp. 2013) (citing 17 C.F.R. § 230.144(e)). Any restrictions on transferring the shares, then, are improper. For this reason, the court denies Mr. Ross's motion for permission to deposit Certificate No. 3278 with the court as that certificate contains a restrictive legend. Once Mr. Ross has caused the certificate to be reissued without the restrictive legend, he may refile his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff/counterclaim defendant Mr. Ross's motion for order permitting the deposit into court of Infinity Energy Resource, Inc. Certificate No. 3278 representing 77,310 shares of Infinity's common stock (doc. 24) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Ross, no later than **August 5, 2013**, shall issue such instructions, make such requests and take such actions within his power, competence and authority to cause Infinity's stock transfer agent to reissue Infinity Energy Resource, Inc. Certificate No. 3278 without the restrictive legend. Thereafter, Mr. Ross

---

[2] Even if the loan were without recourse, Mr. Rothstein would be deemed to have acquired the Pledged Shares in March 2012, the time of the pledge. 17 C.F.R. § 230.144(d)(3)(iv).

shall promptly, **and no later than Friday, August 9, 2013**, move the court for permission to deposit that certificate with the court.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2013, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge