# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Stanton E. Ross,

    **Plaintiff/Counterclaim Defendant,**

v.                                                          Case No. 13-CV-2101

Adam Rothstein,

    **Defendant/Counterclaimant.**

## MEMORANDUM & ORDER

Plaintiff Stanton E. Ross is the Chief Executive Officer of and a substantial shareholder in Infinity Energy Resources, Inc. ("Infinity"). Mr. Ross filed a petition in state court against defendant Adam Rothstein asserting claims of fraudulent misrepresentation, violations of the Kansas Consumer Protection Act and defamation arising out of a $210,000 short-term loan made by Mr. Rothstein to Mr. Ross. Mr. Rothstein removed the petition to federal court on the basis of diversity jurisdiction and, thereafter, asserted numerous counterclaims against Mr. Ross arising out of Mr. Ross's alleged breach of various agreements related to the loan.

At the onset of discovery, Mr. Rothstein filed a motion for summary judgment on each of Mr. Ross's claims for relief. In September 2013, the court granted summary judgment in favor of Mr. Rothstein on Mr. Ross's fraud and KCPA claims and granted in part and denied in part summary judgment on Mr. Ross's defamation claim. After the filing of the court's memorandum and order resolving Mr. Rothstein's motion for summary judgment, discovery commenced in full force and triggered Mr. Rothstein's second motion for summary judgment on Mr. Ross's defamation claim, which the court granted. This matter is now before the court on

Mr. Ross's motion pursuant to Federal Rule of Civil Procedure 56(h) in which he contends that Mr. Rothstein, in support of his first motion for summary judgment on the defamation claim, submitted a false declaration from Stephen Gans. The motion is denied.

In resolving Mr. Ross's motion, the court assumes familiarity with previous orders in this case and the parties' factual showing on summary judgment. Mr. Ross's motion relates to that portion of the court's initial summary judgment ruling in which the court granted summary judgment in favor of Mr. Rothstein on Mr. Ross's defamation claim to the extent Mr. Ross claimed that Mr. Rothstein had made defamatory statements to Steve Gans. The court granted summary judgment in favor of Mr. Rothstein because Mr. Gans averred that he reviewed the specific allegations in Mr. Ross's affidavit concerning the alleged defamatory statements; he specifically denied that Mr. Rothstein ever made those specific statements to him; and Mr. Rothstein offered only inadmissible hearsay in response to that evidence.

In his motion to strike Mr. Gans' affidavit under Rule 56(h), Mr. Ross contends that subsequent discovery confirms that Mr. Gans' declaration was false and that Mr. Rothstein, in two e-mail communications to Mr. Gans, makes defamatory statements to Mr. Gans about Mr. Rothstein. Putting aside the fact that Mr. Rothstein had these e-mail communications in his possession at the time he responded to Mr. Rothstein's first motion for summary judgment such that this argument could have been made months ago, Mr. Rothstein has not satisfied the court that Mr. Gans' declaration was submitted in bad faith for purposes of Rule 56(h). In the first round of summary judgment submissions, Mr. Ross submitted an affidavit specifically asserting that Mr. Rothstein told Mr. Gans that Mr. Ross was being "sued all over town;" that he was "broke;" that Infinity could not survive under Mr. Ross's management; that Mr. Rothstein was

"going to sue" Mr. Ross; and that Infinity's prospects in Nicaragua were "nil." In his declaration, Mr. Gans stated that he had reviewed the specific statements in Mr. Ross's affidavit and that Mr. Rothstein had never made those statements to him. The e-mail communications from Mr. Rothstein to Mr. Gans in no way demonstrate that Mr. Gans' declaration was false as those e-mails do not contain any of the statements specifically asserted by Mr. Rothstein in his affidavit and specifically refuted by Mr. Gans in his declaration. Even viewing the content of the e-mails in the light most favorable to Mr. Ross, the e-mails cannot reasonably be construed as making the statements alleged by Mr. Ross in his affidavit and refuted by Mr. Gans. The motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Stanton E. Ross's motion under Federal Rule of Civil Procedure 54(h) for order striking declaration of Stephen Gans (doc. 208) is **denied.**

**IT IS SO ORDERED.**

Dated this 30th day of May, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3