IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STANTON E. ROSS,

        Plaintiff/Counterclaim
        Defendant,

v.

ADAM ROTHSTEIN,

        Defendant/Counterclaimant.

Case No. 13-cv-2101-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Motion for Voluntary Dismissal of his Remaining Counterclaims IV-VII, Determinations as to His Deficiency Award, Interest, and Costs, and for Entry of Final Judgment (Doc. 298). For the following reasons, the Court grants defendant's motion but imposes certain conditions.

### I.  Factual and Procedural Background

The facts and procedural history of this case are well known to the parties, so the Court will not recite them in great detail. *See* Doc. 297 at 2-4 (describing relevant facts). Broadly, this dispute began after plaintiff defaulted on a $210,000 loan defendant had made to plaintiff. The Court has entered two summary judgment orders in this case: one on September 9, 2013 (Doc. 55-1) and second on March 12, 2015 (Doc. 297). The upshot of these two orders is that defendant has prevailed on all of plaintiff's claims and on three of the seven counterclaims he asserted. Defendant's four other counterclaims are the only claims remaining in this lawsuit: Count IV (Breach of Unconditional Guarantee); Count V (Breach of Covenant of Good Faith and

Fair Dealing); Count VI (Unjust Enrichment); and Count VII (Fraud [In the Inducement], Including Punitive Damages).

In this motion, defendant seeks an order under Federal Rule of Civil Procedure 41(a)(2) dismissing these four unresolved counterclaims without prejudice.  Because a Rule 41(a)(2) dismissal would dispose of all of the remaining claims, defendant seeks additional relief related to final judgment.  Specifically, defendant asks the Court to:  (1) direct the Clerk of the Court to enter final judgment on all proceedings in this case, including defendant's right to recover his attorney's fees, costs, and expenses; (2) determine the amount of the deficiency judgment defendant is entitled to receive; (3) declare that defendant is entitled to post-judgment interest on the deficiency judgment amount at a rate of 18%, compounded monthly; and (4) declare defendant as the prevailing party for purposes of recovering costs under Rule 54(d).  The Court addresses these issues below.

## II.  Motion to Dismiss Defendant's Remaining Counterclaims Without Prejudice

Defendant seeks an order under Rule 41(a)(2) dismissing without prejudice his four remaining counterclaims, Counts IV-VII.

### A.  Legal Standard

Fed. R. Civ. P. 41(a)(2) permits a party to dismiss an action voluntarily "only by court order, on terms that the court considers proper."  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal citation omitted).  District courts normally should grant a Rule 41(a)(2) dismissal without prejudice "[a]bsent 'legal prejudice' to the defendant."  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

"Prejudice does not arise simply because a second action has been or may be filed against the defendant . . . ." *Brown*, 413 F.3d at 1124.  Rather, prejudice is a function of other, practical factors including:  the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.  *Id.*  "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."  *Id.*  "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper."  *Ohlander*, 114 F.3d at 1537.

When deciding whether to grant defendant's motion to dismiss without prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing" plaintiff, but also those facing defendant.  *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks omitted).  The "convenience of the court" is not an appropriate consideration.  *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quotation omitted).

Rule 41(a)(2) permits a court to impose "terms and conditions as the court deems proper."  *Brown*, 413 F.3d at 1123 (internal citation omitted).  The conditions should keep the parties in the same position in a subsequent lawsuit that they occupied before defendant filed his motion to dismiss.  *Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004) ("Because the magistrate judge carefully crafted the conditions of her order to maintain the position that the parties had held before [the motion to dismiss], we hold that there has been no abuse of discretion.").  When a court decides to impose conditions, it must give the party who filed the motion to dismiss an opportunity to withdraw his request for dismissal.  *Hall v. Great S. Bank*,

No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010); 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2366 (3d ed. 2013) ("If the conditions are too onerous, the [defendant] need not accept the dismissal on those terms.").

### B.  Discussion

Defendant asks the Court to dismiss his four remaining counterclaims without prejudice. In response, plaintiff argues that the Court should dismiss the counterclaims without prejudice only if the Court imposes certain conditions to cure any legal prejudice plaintiff might suffer should defendant later revive the counterclaims.  The Court first determines whether dismissal of the counterclaims without prejudice is appropriate and then evaluates what conditions to impose.

### 1.  Legal Prejudice Analysis

The Court should grant defendant's motion to dismiss if it determines that plaintiff will not suffer legal prejudice as a result.  *Ohlander*, 114 F.3d at 1537.  The Tenth Circuit has identified four general factors to guide a district court's decision when evaluating legal prejudice:  (1) insufficient explanation of the need for dismissal; (2) the opposing party's effort and expense in preparing for trial; (3) excessive delay and lack of diligence on the part of the movant; and (4) the present state of the litigation.  *Brown*, 413 F.3d at 1124.  After considering these factors, the Court has little trouble concluding that plaintiff will sustain no legal prejudice from an order dismissing defendant's remaining counterclaims without prejudice.

*First*, the Court considers defendant's reason for seeking dismissal.  Defendant asserts that he has little to gain from continuing to pursue his remaining counterclaims because they provide largely the same remedies as the counterclaims on which he has prevailed already.  The Court granted summary judgment for defendant on Counterclaim Counts I-III, which assert contract-related claims for breach of promissory note, breach of forbearance agreement, and

foreclosure of security interest.  The remaining counterclaims, Counts IV-VII, also assert contract-related claims for breach of guarantee, breach of covenant of good faith and fair dealing, unjust enrichment, and fraud in the inducement.  All four of these claims provide for compensatory damages that duplicate those in Counts I-III.  Indeed, defendant indicated in the Pretrial Order that he did not intend to pursue Counterclaim Counts IV-VI for this very reason. *See* Doc. 247 at 18-19.  Only Count VII, a claim for fraud in the inducement, provides relief unavailable under Counts I-III because it allows for punitive damages.  Still, having prevailed on Counts I-III, defendant has obtained most of the possible available relief on his counterclaims.

According to defendant, he "seeks a dismissal of his counterclaim Counts IV-VII without prejudice only because of a desire to preserve the opportunity to refile and pursue one or more of said counterclaims, if possible, in the event any [of plaintiff's] affirmative claim[s] is somehow reinstated in any subsequent proceedings, including a likely appeal initiated by [plaintiff]."  Doc. 299 at 14.  "In other words, [defendant] will not refile any such counterclaim(s) in the event the dispositive rulings entered by this Court remain in place following any further proceedings in this Court and/or any appeal."  *Id.*  Thus, defendant has received the bulk of the relief to which he is entitled and will revive his remaining counterclaims only if later proceedings disturb the Court's previous dispositive rulings.  The Court concludes that this reason for seeking to dismiss his four remaining counterclaims is reasonable, rational, and weighs in favor of granting defendant's motion to dismiss without prejudice.

*Second*, the Court considers the opposing party's—here, plaintiff's—effort and expense in preparing for trial.  Plaintiff argues that he has expended significant resources preparing for trial, which weighs against granting defendant's motion.  Plaintiff notes that the parties have finished discovery, he has filed a motion in limine (Doc. 261), and he has filed a motion for

summary judgment on defendant's fraud in the inducement counterclaim (Doc. 255).  None of these actions favor plaintiff's position.  The parties have completed discovery in this case, but one can attribute almost none of that work to defendant's four remaining counterclaims specifically or exclusively.  Plaintiff's motion in limine sought to exclude all testimony of defendant's expert Brian Underwood.  But Mr. Underwood sought to testify only on the question whether defendant's sale of the collateral in this case, 77,310 shares of Infinity Energy Resources, Inc. ("Infinity") common stock, was reasonable.  It had nothing to do with Rothstein's remaining counterclaims.  And while plaintiff's motion for summary judgment attacked one of defendant's remaining counterclaims (the one asserting fraud in the inducement), he filed it seven months after the Scheduling Order's deadline for dispositive motions, and plaintiff did not respond to defendant's Statement of Additional Material Facts.  *See* Doc. 283 at 40-45.  The Court denied this halfhearted attempt at summary judgment in its entirety.  *Id.*  Thus, plaintiff has produced no evidence showing that he expended significant time or effort preparing these remaining counterclaims for trial, and this factor favors granting defendant's motion to dismiss without prejudice.

*Third*, the Court considers defendant's diligence in filing his motion to dismiss.  The Court's March 12, 2015 Order dismissed plaintiff's lone remaining claim, leaving only defendant's four counterclaims alive in the case.  Defendant filed this motion to dismiss on March 31, 2015, only 19 days after the Court's Order.  A delay of 19 days is certainly reasonable, so this factor favors granting defendant's motion to dismiss without prejudice.  *See AgJunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *9 (D. Kan. Jan. 30, 2015) ("The gap of about seven weeks between the day the Court denied plaintiff's desired relief and the day plaintiff filed its motion to dismiss is not unreasonable.").

6

*Finally*, the Court considers the present stage of the litigation.  This case is set for trial on September 15, 2015.  Defendant filed his motion to dismiss on March 31, 2015, just 19 days after the Court dismissed plaintiff's remaining claim.  Thus, although trial is in sight, defendant has not waited until the eve of trial to seek dismissal.  This factor also favors granting defendant's motion to dismiss without prejudice.

Based on the foregoing factors, the Court concludes that plaintiff will not suffer legal prejudice if it grants defendant's motion to dismiss his four remaining counterclaims without prejudice.  The Court now evaluates what conditions to impose on this dismissal.

### 2.  Conditions on Dismissal

Plaintiff argues that the Court should impose four conditions on any order dismissing defendant's remaining counterclaims.  The first two concern defendant's ability to refile the counterclaims:

> (1) In the event the Court determines to award attorneys' fees to [defendant] and otherwise declines to reduce the amount of such attorneys' fees in the manner suggested in ¶ 16 hereinabove, that the Court impose the condition that should [defendant] file any future lawsuit against [plaintiff] asserting any of the four claims which he now proposes to dismiss, that [defendant] will be liable to [plaintiff] for the expenses, including reasonable attorneys' fees, that [plaintiff] would have avoided had the Court been permitted to adjudicate each of those claims, in this case, on the merits; and

> (2) [Defendant] shall consent to the reuse in any re-filed action against [plaintiff] of any and all facts, testimony, documents, and materials resulted from any discovery in this case.

Doc. 302 at 6.

Defendant responds that plaintiff's first two conditions are unnecessary as drafted because defendant "has made it clear he would not file a *separate or second* lawsuit, but would only seek to reinstate one or more of his counterclaims *in this case* if, and only if, any of the Court's dispositive rulings in favor of [defendant] to date are reversed, whether on appeal, or in

any further proceedings." Doc. 303 at 16 (emphasis in original). But defendant agrees, as he must, that any documents or rulings so far in this case will control if he reinstates his counterclaims. To that end, defendant proposes the following conditions:

> (1) [Defendant] may only seek to reinstate in this case one or more of his counterclaim Counts IV-VII if, and only if, any of the Court's prior dispositive rulings are reversed, whether on appeal or in any further proceedings in this Court (this condition is without prejudice to [defendant] contesting the dischargeability of [plaintiff's] debt to him on the basis of fraud, or otherwise, under 11 U.S.C. § 523 in the event [plaintiff] files for bankruptcy relief); and

> (2) All pleadings, discovery, documents, materials, testimony, orders, rulings, and any other substantive matters developed and occurring in the proceedings in this case to date may be used and will be binding in any further proceedings in this case following any reinstatement of any [defendant] counterclaim pursuant to condition (1) above.

The Court imposes these conditions on defendant. However, defendant has indicated that he will reinstate his counterclaims *only* in this lawsuit and *only* if further proceedings, whether in this Court or on appeal, change the Court's rulings thus far. Defendant's first proposed condition restricts his ability to reinstate the remaining counterclaims *in this case*, but it does not prevent him from refiling them in another case (although defendant categorizes them as compulsory counterclaims, so perhaps he is precluded from filing them in a separate action). To make things abundantly clear, the Court imposes the following condition: defendant may seek to recover on the claims asserted by Counterclaim Counts IV-VII *only* in this lawsuit and *only* if any of the Court's prior dispositive rulings in this case are reversed.

Plaintiff also seeks to impose two additional conditions which concern defendant's ability to recover attorney's fees in this case. In the event defendant seeks attorney's fees, which he has indicated he will do, plaintiff asks for:

(1) A dollar-for-dollar reduction in the amount of attorneys' fees otherwise recoverable by [defendant], equal to the amount of attorneys' fees incurred by [defendant] asserting and prosecuting these four counterclaims;

(2) A dollar-for-dollar reduction in the amount of attorneys' fees otherwise recoverable by [defendant], equal to the amount of attorneys' fees incurred by [defendant] in defending against these four counterclaims, or any of them.

*Id.*

The Court declines to impose these two conditions. As discussed above, the record establishes that the parties spent little time litigating defendant's four remaining counterclaims specifically. Plaintiff points to his motion for summary judgment against defendant's fraud in the inducement claim, but plaintiff filed his motion seven months out of time, he failed to respond to defendant's statement of additional material facts, and the Court denied his motion in its entirety. The Court will not reduce any fee award to defendant based on plaintiff's failed motion for summary judgment.

In summary, the Court grants defendant's motion to dismiss his four remaining counterclaims without prejudice but imposes the following three conditions on dismissal:

(1) Defendant may seek to recover on the claims asserted by Counterclaim Counts IV-VII *only* in this lawsuit and *only* if any of the Court's prior rulings in this case are reversed.

(2) Defendant may only seek to reinstate in this case one or more of his counterclaim Counts IV-VII if, and only if, any of the Court's prior dispositive rulings are reversed, whether on appeal or in any further proceedings in this Court (this condition is without prejudice to [defendant] contesting the dischargeability of plaintiff's debt to him on the basis of fraud, or otherwise, under 11 U.S.C. § 523 in the event plaintiff files for bankruptcy relief); and

(3) All pleadings, discovery, documents, materials, testimony, orders, rulings, and any other substantive matters developed and occurring in the proceedings in this case to date may be used and will be binding in any further proceedings in this case following any reinstatement of any defendant counterclaim pursuant to condition (1) above.

Defendant has agreed to the second and third conditions, but not the first, at least explicitly.  When a court decides to impose conditions, it must give the moving part an opportunity to withdraw his request for dismissal.  *Hall*, 2010 WL 4366110, at *1.  As a result, the Court will permit defendant to withdraw his motion by filing a statement with the Court by Wednesday, July 15, 2015.  If defendant has not withdrawn his motion by this deadline, the Court will grant defendant's motion to dismiss without prejudice, effective July 15, 2015, and subject to the conditions recited above.

### III. Other Relief Requested

Because the Court grants defendant's motion to dismiss, there are no claims remaining in this lawsuit.  As a result, defendant asks the Court to ready this matter for final judgment by: (1) directing the Clerk of the Court to enter final judgment on all proceedings in this case, including defendant's right to recover his attorney's fees, costs, and expenses; (2) determining the amount to which defendant is entitled as a deficiency judgment; (3) declaring that defendant is entitled to post-judgment interest on the deficiency amount at a rate of 18%, compounded monthly; and (4) declaring defendant to be the prevailing party for purposes of recovering costs under Rule 54(d).  The Court addresses each request below.

### A.  Final Judgment and Attorney's Fees

Defendant seeks an order instructing the Clerk of the Court to enter final judgment on all proceedings in this case, including his right to recover attorney's fees.  In its March 12, 2015 Order, the Court granted summary judgment for defendant on his right to recover attorney's fees, concluding that the (Superseding) Pledge Agreement between the parties requires plaintiff to pay those expenses.  Plaintiff does not object to the Court entering final judgment generally but

argues, for the first time, that the Court must deny any request by defendant for attorney's fees as untimely.

Rule 54(d)(2)(B) requires a party to file a motion for attorney's fees "no later than 14 days after the entry of judgment." Plaintiff asserts that Judge Lungstrum entered judgment for purposes of Rule 54(d)(2)(B) on September 9, 2013 when he granted defendant's partial motion for summary judgment and then issued a judgment "in the amount of $210,000, plus 18% default interest compounding monthly beginning September 5, 2012." Doc. 56 at 1. According to plaintiff, this partial judgment in favor of defendant triggered Rule 54(d)(2)'s clock for filing a motion for attorney's fees. He argues that because the 14-day deadline has long since passed, the Court must bar defendant's claim for attorney's fees as untimely filed.

Defendant responds in two ways. First, he argues that plaintiff has waived the argument that defendant is out of time to submit his fee application. Defendant filed his motion seeking summary judgment on his claim for attorney's fees on July 17, 2014, over 10 months after Judge Lungstrum entered partial judgment in defendant's favor. *See* Doc. 252. On December 23, 2014, Judge James issued a Report and Recommendation recommending that the Court grant summary judgment for defendant on his right to recover attorney's fees. Doc. 283 at 38-40. Plaintiff filed objections to Judge James' Report and Recommendation, but on March 12, 2015, the Court adopted it in its entirety. Doc. 297 at 2. Both in his opposition to defendant's motion for summary judgment and in his objections to Judge James' Report and Recommendation, plaintiff had the opportunity to argue that the Court's September 9, 2013 Order was a judgment that triggered Rule 54(d)(2)'s 14-day clock for filing a motion for attorney's fees. Crucially, plaintiff never did so. "Failure to raise an issue on summary judgment constitutes waiver of that issue." *Asia Strategic Inv. Alliances, Ltd. v. Gen. Elec. Capital Servs., Inc.*, 166 F.3d 346, at *4

11

(10th Cir. 1998) (unpublished opinion).  Because plaintiff failed to argue at the summary

judgment stage that the Court's September 2013 Order was a judgment for purposes of Rule

54(d)(2), he has waived the argument.

Second, defendant argues that the Court should deny plaintiff's untimeliness argument on

the merits as well.  The Court agrees.  Rule 54(d)(2) requires a party to file a motion for

attorney's fees "no later than 14 days after the entry of *judgment*."  Fed. R. Civ. P. 54(d)(2)(B)(i)

(emphasis added).  Rule 54(a) defines "judgment" to mean "any order from which an appeal

lies."  "Normally, [the Tenth Circuit] wait[s] for a district court to resolve all the claims

presented in a case before entertaining any appeal."  *CCPS Transp., LLC v. Sloan*, No. 14-3200,

2015 WL 3389632, at *1 (10th Cir. May 27, 2015) (unpublished opinion).  "Federal Rule of

Civil Procedure 54(b) provides an exception to this rule, permitting the district court to certify

for appeal that it has resolved one claim among many and that the claim in question deserves

immediate appellate attention."  *Id.*  Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim,
> counterclaim, crossclaim, or third-party claim—or when multiple parties are
> involved, the court may direct entry of a final judgment as to one or more, but
> fewer than all, claims or parties only if the court expressly determines that there is
> no just reason for delay. Otherwise, any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to any of the claims or parties
> and may be revised at any time before the entry of a judgment adjudicating all the
> claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Here, Judge Lungstrum's September 9, 2013 Order did not dispose of all of the claims in

this lawsuit.  But plaintiff argues that the September 11, 2013 entry of judgment was a final,

appealable judgment under Rule 54(b).  A partial entry of judgment is final only if the presiding

judge "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(d).  The

Court rejects plaintiff's argument because the record contains nothing to suggest that Judge

Lungstrum "expressly determine[d]" that his September 11, 2013 entry of judgment was a partial

final judgment.  *Id.*  Neither Judge Lungstrum's order granting partial summary judgment nor his

entry of judgment contain any language that judgment was "final" or made under "Rule 54(b)."

He did not say that there was "no just reason for delay."  Thus, plaintiff has failed to identify any

facts suggesting that Judge Lungstrum intended his September 2013 orders to be final and

appealable.  As a result, the Court rejects plaintiff's argument that the September 11, 2013 entry

of judgment constitutes a final order which triggered Rule 54(d)(2)'s clock for filing a motion for

attorney's fees.  Defendant has 14 days from the entry of final judgment to file his motion for

attorney's fees.  And because there are no remaining claims in this lawsuit, the Court directs the

Clerk of the Court to enter final judgment in this case.

### B.  Amount of Defendant's Deficiency Judgment

Defendant asks the Court to determine the amount of the deficiency judgment to which

he is entitled.  The Court's September 9, 2013 Order granted summary judgment for defendant

on three of his counterclaims and determined that he was entitled to judgment in the amount of

$210,000, plus 18% default interest compounding monthly beginning September 5, 2012.  *See*

Doc. 55-1 at 23.  Judge Lungstrum also concluded that defendant was entitled to 77,310 shares

of Infinity common stock, which plaintiff had pledged to defendant as collateral.  Defendant

received possession of these shares from the Clerk of the Court on September 12, 2013.  On

September 16, 2013, defendant sold the shares, which returned net proceeds of $221,361.91.

The Court has denied plaintiff's claim for wrongful disposition of collateral, concluding that

defendant's sale was commercially reasonable under Part 6 of Kansas UCC Article 9.  *See* Doc.

297 at 24-32.  As a result, defendant has received $221,361.91 that will apply to the total amount plaintiff owes him.

In Judge James' December 23, 2014 Report and Recommendation, she recommended that the Court set an evidentiary hearing to determine the amount of deficiency judgment to which defendant is entitled.  The Court need not schedule a hearing, however, because the essential facts are before the Court and undisputed.  In his memorandum in support of his motion to dismiss, defendant takes these facts and calculates the deficiency amount he believes plaintiff owes him.  Significantly, plaintiff does not object or even respond to defendant's calculations. And having checked defendant's math, the Court concludes that they are accurate.[1]

Judge Lungstrum entered judgment of $210,000 plus 18% compounding monthly.  The default interest that accrued between September 5, 2012, the date of default, and September 16, 2013, when defendant sold the shares, totaled $42,460.76.  Thus, plaintiff owed defendant $210,000 in principal and $42,460.76 in interest, for a total of $252,460.76 on the day he sold the shares.  Defendant earned $221,361.91 in the sale, leaving a deficit of $31,098.85 on September 16, 2013 upon which interest has continued to accrue.  This Order will take effect on July 15, 2015, absent objection from defendant.  Applying the 18% interest rate, compounded monthly, to $31,098.85 through the effective date of this Order, plaintiff owes defendant a total of $43,151.64.

### C.  Post-Judgment Interest

Defendant seeks an order that "the post-judgment interest rate to apply in this case is the parties' agreed-to 18% default rate, compounding monthly, and that it will apply to the total monetary award determined by the Court, including the prejudgment component."  Doc. 299 at

---

[1] Defendant makes one small typographical error.  Defendant earned $221,361.91 from the sale of Infinity stock, but he uses a figure of $221,361.99, a difference of $.08, to calculate plaintiff's deficiency.  The Court bases its calculations on the correct amount.

23. Plaintiff again neither disputes nor even responds to defendant's argument. The Court concludes that post-judgment interest will continue to accrue on the deficiency amount at a rate of 18%, compound monthly.

Title 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" at a rate based on one-year Treasury bills. But this Court and others have held that parties can contract for a rate other than the rate set forth in § 1961(a). *See, e.g.*, *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F. Supp. 2d 1250, 1275 (D. Kan. 2003), *aff'd sub nom., O'Tool v. Genmar Holdings, Inc.*, 387 F.3d 1188 (10th Cir. 2004) ("The court, however, can discern no sound reason why Congress would have intended that parties themselves could not agree to a different rate.") (collecting cases). The Court concludes that the parties here contracted for a post-judgment interest rate different than that provided by § 1961(a). The Forbearance Agreement, which sets the default interest rate, provides: "Interest on the principal balance of the Note shall begin to accrue and compound monthly at the rate of eighteen percent (18%) per annum . . . and *shall continue until full payment of the principal balance is received by Lender*." Doc. 26-7 at 4 (emphasis added). Thus, interest will continue to accrue post-judgment on the deficiency amount described in this Order at a rate of 18%, compounded monthly, until plaintiff repays the principal amount in full.

**D.  Prevailing Party under Rule 54(d)**

Finally, defendant asks that the Court declare him to be the prevailing party in this case for purposes of recovering costs under Federal Rule of Civil Procedure 54(d). Under Rule 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." No doubt can exist who won this case. Defendant prevailed on all of plaintiff's claims and on three of his seven counterclaims. The Court has entered judgment in his favor in the amount of

$210,000 plus 18% interest, compounded monthly.  Thus, defendant is entitled to recover costs as the prevailing party under Rule 54(d).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant has until 11:59 p.m. on July 15, 2015 to file a statement indicating whether or not the terms of the voluntary dismissal without prejudice are acceptable to him.

**IT IS FURTHER ORDERED BY THE COURT THAT** if defendant has not withdrawn his motion by 11:59 p.m. on July 15, 2015, defendant's motion to dismiss voluntarily without prejudice his four remaining counterclaims (Doc. 298) is granted, effective July 15, 2015 and subject to the conditions recited herein.

**IT IS FURTHER ORDERED BY THE COURT THAT** if defendant has not withdrawn his motion by 11:59 p.m. on July 15, 2015, the Clerk of the Court shall enter final judgment in favor of defendant, including his right to recover attorney's fees.  Defendant shall be the prevailing party for purposes of recovering costs.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court enter judgment in defendant's favor in the amount of $43,151.64, with post-judgment interest accruing at a rate of 18% compounding monthly from the date the Clerk enters judgment until the judgment is paid in full.

**IT IS SO ORDERED.**

**Dated this 25th day of June, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

16